UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re:

BRITTNY NICOLE LEE,  Case No: 09-14568

*Debtor*.  Chapter 7

## ORDER DENYING MOTION FOR ATTORNEY'S FEES

This matter is before the Court on Debtor's Motion for Attorney's Fees. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I), and the Court has the authority to enter a final order. For the reasons indicated, the Court finds that Debtor's Motion for Attorney's Fees is due to be denied.

## FACTS

Debtor filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code on September 30, 2009. On October 23, 2009, Creditor Mary Ann Bell filed a Motion for Relief from Stay to proceed on a state court action. This Court denied Bell's Motion for Relief from Stay on November 23, 2009. On November 29, 2009, Debtor filed a Motion for Attorney's Fees stemming from fees associated with successfully defending against Bell's Motion for Relief from Stay. The Court heard oral argument on the Motion for Attorney's Fees on January 5, 2009, and took the matter under advisement.

## LAW

In *Travelers Cas.& Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443 (2007), the Supreme Court directly addressed awards of attorneys fees in a bankruptcy context, stating: "Under the American Rule, the prevailing litigant is ordinarily not entitled to collect a reasonable

1

attorneys' fee from the loser. This default rule can, of course, be overcome by statute. It can also be overcome by an 'enforceable contract' allocating attorney's fees." *Id*. at 448 (internal citations omitted). In that case, the Debtor (PG & E) executed a series of indemnity agreements in favor of the Creditor (Travelers) and included a clause providing that PG & E would be responsible for any loss Travelers might incur, including attorney's fees. *Id*. at 446. The Court reasoned that because Travelers has an enforceable contractual right to attorney's fees under the indemnity agreements, the contract-based claims were not disallowed solely because the fees were incurred in litigating bankruptcy issues. *Id*. at 449.

Debtor cites two cases in support of her motion: *In re Haun*, 396 B.R. 522 (Bankr. D. Idaho 2008), and *In re Fowler*, 395 B.R. 647 (Bankr. W.D. Ark. 2008). Those cases do not apply to the facts at hand. In *In re Haun* counsel for the parties in an adversary proceeding stipulated to the nondischargeability of a debt in favor of Plaintiff but disagreed about whether attorneys' fees were recoverable. The Idaho Bankruptcy Court in *In re Haun* followed the Ninth Circuit Bankruptcy Appellate Panel in deciding that the *Travelers* decision did not precisely control in the case of an adversary proceeding. *In re Haun*, 396 B.R. at 525. Further, the court was careful to point out that the Plaintiff's right to recover attorney's fees was based in Idaho Code § 12-120(3) which permits an award of attorney's fees in actions to recover on contracts relating to commercial transactions. *Id*. at 530. *In re Haun* does not apply to the case before this Court because it is not an adversary proceeding and Debtor has not cited a contractual or state law right to recover attorney's fees.

Similarly, in *In re Fowler* the Bankruptcy Court for the Western District of Arkansas permitted a debtor to recover attorney's fees pursuant to an Arkansas statute permitting fee awards in contract actions. *In re Fowler*, 395 B.R. at 649-50. There, the Chapter 13 Debtor

2

Case 09-14568    Doc 28    Filed 01/07/10    Entered 01/07/10 13:14:04    Desc Main
Document      Page 2 of 3

recovered fees where she succeeded in compelling the mortgagee to release a lien under the contractual terms of the mortgage note. *Id.* at 649. Unlike the Debtor in *In re Fowler*, the Debtor in the present case is not seeking attorney's fees in the context of a contractual obligation, nor does she have a statutory basis for her claim.

The precedent set in *Travelers* applies to the present case. Debtor seeks attorney's fees outside the bounds set in the Supreme Court's ruling, therefore Debtor's Motion for Attorney's Fees is due to be DENIED.

Dated: January 7, 2010

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE